Henrietta M. Bosworth
vs.
Leland S. Bosworth, Adm'r.   Eq. No. 11399.

November 5, 1932.

CHURCHILL, J. Heard on bill, answer and proofs.

The complainant is the divorced wife of Howland E. Bosworth. She was given the custody of the two minor children of the marriage and the husband was ordered to pay the sum of $12 a week for the support of the wife and children.

After the decree in the divorce proceedings was entered, Anna Mary Bosworth, the mother of Howland E. Bosworth, died. In November, 1930, the respondent Leland S. Bosworth, brother of said Howland E. Bosworth, was appointed administrator of the estate of Anna Mary Bosworth by the Probate Court of the City of Providence.

On April 17, 1931, the alimony and support provided for in the decree not having been paid to Henrietta M. Bosworth, she attached the interest of Howland E. Bosworth in the real estate formerly owned by Anna Mary Bosworth. On April 27, 1931, Leland S. Bosworth, in his individual capacity, filed a claim against the estate of Anna Mary Bosworth in the sum of $8,000.

In November, 1931, the complainant filed a petition in the Probate Court under the provisions of Chap. 365 (5499), Sec. 6, Gen. Laws 1923, for leave to file a statement disallowing this claim and this motion was denied by the Probate Court on March 23, 1932. Thereupon this bill was filed, setting out that the claim was false and fraudulent and was made for the purpose of defeating the interest of the complainant under her attachment, and praying that Leland S. Bosworth be enjoined from paying to himself the amount of $8,000, and for further relief.

The respondent did not demur to the bill or raise the question that an adequate remedy at law existed, but filed an answer denying all the allegations in the bill, excepting those which set out the travel of the case in the Probate Court.

The point chiefly argued is whether or not the respondent can now avail himself of the defense that the complainant has an adequate remedy at law.

Objection comes too late. By neglecting to demur and by going to trial on

the issues of fact as to whether fraud existed or not, the respondent waived his right to question the jurisdiction of the Court in equity.

> Setchell Auto Parts, Inc. vs. Artamian & Sutcliffe, Inc., 50 R. I. 144.

The claim as advanced by the respondent was for maintaining the house where his mother lived, for amounts expended for repairs, payments of gas, telephone and electric light bills, and for loans made his mother.

The respondent was unable to show from what sources the amount of $8,000, which he claims was advanced, was derived, and the evidence is such that the Court is of the opinion, and so rules, that a large portion of the claim had no foundation in fact.

On the case made by the bill and answer, the complainant is entitled to an injunction restraining the respondent from proceeding with his claim in the Probate Court or from making payment to himself of the $8,000 claimed by him, and the case may be further heard on the matter of what amount, if any, is due the respondent from the estate of Anna Mary Bosworth.

For complainant: John F. O'Connell.
For respondent: Rosenfeld & Hagan.